UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VICTORIA GURNEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-153-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that she is disabled by borderline intellectual functioning, polysubstance abuse, and mood disorder, capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further development.[2]

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of borderline intellectual functioning, polysubstance abuse, and a mood disorder, Finding 3, Record at 19; that she retained the residual functional capacity

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 17, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff does not contest the adverse decision with respect to the *childhood* portion of her SSI claim. *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 14) at 1 n.2.

("RFC") to perform all levels of exertional work but was limited to work requiring simple instructions, could perform simple tasks, was able to sustain two-hour blocks of attention and concentration sufficient for simple tasks, could not interact with the general public, could interact with co-workers and supervisors occasionally, and could adapt to routine changes, Finding 5, *id*. at 22-23; that, considering her age (18 years old as of July 2007, defined as a younger individual), education (marginal), work experience (no past relevant work), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-10, *id*. at 27; and that she, therefore, was not disabled at any time from December 26, 2006 (her amended alleged date of onset of disability), through the date of decision (November 26, 2008), Finding 11, *id*. at 28.[3]  The Decision Review Board declined to disturb the decision, *id*. at 505-08, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that the claimant can perform work other than her past relevant work.  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The

---

[3] The wage earner through whom the plaintiff sought childhood disability SSD benefits was insured for purposes of SSD through the date of the decision.  *See* Finding 1, Record at 19.

record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that (i) the administrative law judge erred in relying exclusively on Appendix 2 to Subpart P, 20 C.F.R. § 404 (the "Grid"), given her significant nonexertional limitations, and (ii) misapplied the Grid in terms of using it as a "framework" for decision-making.  *See* Statement of Errors at 3-9.  I find reversal and remand warranted.

The Grid generally cannot permissibly be used as a vehicle to meet the commissioner's Step 5 burden – vocational-expert testimony ordinarily must be sought instead – if a claimant's nonexertional impairments significantly affect his or her ability "to perform the full range of jobs" at the appropriate exertional level.  *Ortiz v. Secretary of Health & Human Servs.*, 890 F.2d 520, 524 (1st Cir. 1989) (citation and internal quotation marks omitted).  "[A]though a nonexertional impairment can have a negligible effect, ordinarily the ALJ must back such a finding of negligible effect with the evidence to substantiate it, unless the matter is self-evident." *Seavey v. Barnhart,* 276 F.3d 1, 7 (1st Cir. 2001) (citation and internal quotation marks omitted).

At oral argument, the plaintiff's counsel did not contest that certain of the six nonexertional limitations in issue here (namely, limitations to simple work and simple instructions and work not involving interaction with the public) have been held not to preclude reliance on the Grid, at least in cases in which, as here, a claimant has been found capable of performing work at all exertional levels.  Indeed, the First Circuit and/or this court have so held. *See, e.g., Garcia-Martinez v. Barnhart*, 111 Fed. Appx. 22, 23 (1st Cir. 2004) (limitation against work involving interactions with the public); *Prescott v. Astrue*, Civil No. 09-23-B-W, 2009 WL

3148731, at *2-*3 (D. Me. Sept. 30, 2009) (rec. dec., *aff'd* Nov. 5, 2009) (limitation to simple tasks and instructions plus need to avoid constant or frequent interaction with public); *Todd v. Astrue*, Civil No. 09-9-B-W, 2009 WL 3148726, at *2 (D. Me. Sept. 30, 2009) (rec. dec., *aff'd* Oct. 20, 2009) (limitation to simple tasks); *Lassor v. Astrue*, No. 06-176-P-H, 2007 WL 2021924, at *5 (D. Me. July 11, 2007) (rec. dec., *aff'd* July 31, 2007) (limitation to understanding, remembering, and carrying out simple job instructions and sustaining attention and concentration for simple tasks).

Nonetheless, the plaintiff's counsel argued that the presence of any of the three remaining limitations or, alternatively, the six limitations collectively, suffices to undermine sole reliance on the Grid.  I need not consider whether the presence of each of the remaining three limitations, or the presence of the six collectively, would suffice to preclude reliance on the Grid.  I conclude, and recommend that the court find, that the commissioner has failed to make a persuasive case that one of those limitations, the restriction to only occasional interaction with supervisors and co-workers, has no more than a negligible effect on a claimant's ability to perform the full range of unskilled jobs.  That shortfall, in itself, suffices to require reversal and remand.

The record in this case contains no evidence that the limitation in question imposes no more than a negligible effect on the occupational base for unskilled work.  At oral argument, the commissioner's counsel argued, in effect, that the proposition is self-evident, citing a regulation, Grid § 201.00(i), and a case, *Dollins v. Astrue*, Civil Action No. 08-141-KSF, 2008 WL 4402208 (E.D. Ky. Sept. 24, 2008).

The cited regulation glosses the significance, for purposes of application of the Grid, of illiteracy or inability to communicate in English, stating, in relevant part: "While illiteracy or the

inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance." Grid § 201.00(i). The cited case held that a claimant's mental impairments, which included "a limitation to simple, unskilled, entry level work that allows for less stress work without public contact or significant interaction with others[,]" did not significantly erode the occupational base represented by the Grid. *Dollins*, 2008 WL 4402208, at *4.

Neither authority is persuasive in the circumstances. *Dollins* provides no explanation for the above-quoted holding. *See id.* While the Grid regulation does state that "the *primary work functions* in the bulk of unskilled work relate to working with things[,]" Grid § 201.00(i) (emphasis added), it does not necessarily follow that unskilled work entails little, if any, contact with supervisors or co-workers or that a restriction in ability to work with such individuals would have no more than a negligible effect on one's ability to perform the full range of unskilled work.

Indeed, as the United States District Court for the Northern District of California recently observed, the commissioner's own definition of the basic mental demands of unskilled work indicates that the converse is the case. *See Stark v. Astrue*, No. C 07-6465 MHP, 2009 WL 2566723, at *8 (Aug. 18, 2009) ("[T]he regulations [Social Security Ruling 85-15] expressly state that a substantial loss of ability to respond to supervision, co-workers and usual work situations severely limits the potential occupational base, even for unskilled work . . . . While the ALJ opines that there still exist[s] a significant amount of unskilled work in the national market 'dealing primarily with objects, rather than with data or people,' a realistic approach would reveal that all jobs require some level of interaction with co-workers and supervisors, and that

the ALJ's speculation of a substantial occupational base is an impermissible stretch."); *see also, e.g.*, Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2009), at 160-61 (mental capabilities required to perform unskilled work include "[r]esponding appropriately to supervision, co-workers and usual work situations").

In these circumstances, the administrative law judge's sole reliance on the Grid was misplaced. The commissioner accordingly failed to meet his Step 5 burden, necessitating reversal and remand.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of December, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

6